### PEOPLE *v.* STRATTON.

CRIMINAL LAW—LARCENY—REPLEVIN—FRAUDULENT CONVERSION..
Where respondent replevied certain property concerning the title to which an honest difference existed, and disposed of the same pending the litigation, he did not thereby render himself amenable to criminal prosecution for larceny, although ultimately defeated in the suit; the provisions of 3 Comp. Laws 1897, § 11570,—declaring that any person to whom property is delivered which may be the subject of larceny, who shall fraudulently convert the same to his own use, shall be deemed guilty of larceny,—not being applicable to such a case.

Error to Van Buren; Carr, J. Submitted February 14, 1901. Decided February 27, 1901.

Theodore Stratton was convicted of larceny, and sentenced to imprisonment for three years in the State prison at Jackson. Reversed.

*Hammond & Hammond*, for appellant.

*David Anderson*, Prosecuting Attorney, for the people.

MOORE, J.   An information was filed against the respondent charging him with the larceny of one cow, one colt, one yearling heifer, and five sheep, the property of Charles H. Wall.   He was convicted, and sentenced to State prison for three years.

The record discloses the criminal complaint was made by Mr. Wall April 5, 1900.   Mr. Wall, prior to the 14th of March, 1899, had been a tenant for several years on the farm of Mr. Stratton.   When he left the farm, in March, he took with him the property in controversy. The respondent, claiming the right to the possession of the property, on the 15th of March, 1899, commenced an action of replevin for it in justice's court.   The property was taken under the writ of replevin by the sheriff, and delivered to Mr. Stratton.   The usual declaration in replevin was filed.   Mr. Wall appeared by attorney, pleaded the general issue, and gave notice that a portion of the property was not the property of Mr. Stratton, but belonged to the wife and children of Mr. Wall, and that another portion of it was partnership property, and the accounts between the parties had not been settled, and that, by virtue of the partnership agreement, the defendant was entitled to the possession of the property.   A trial was had before a jury May 25, 1899, which returned a verdict in favor of defendant, and a judgment was entered for a return of the property.   On the 29th of May the respondent filed an affidavit and bond for an appeal from the justice's court to the circuit court, and the justice made his return to the circuit court.   Afterwards an order was made that respondent be required to give an additional bond in the circuit court.   This was not done, and the appeal was dismissed.   In October, 1899, Mr. Wall commenced suit in the circuit court against Mr. Stratton and the surety on the appeal bond.   In February, 1900, he obtained a judgment against them.   Upon this judgment an execution was issued, and on the 20th of February a levy was made upon 130 acres of land.

The execution had not been returned when the trial of the criminal case was had.

The information is filed under section 11570, 3 Comp. Laws 1897, which reads as follows:

"If any person, to whom any money, goods, or other property which may be the subject of larceny shall have been delivered shall embezzle or fraudulently convert to his own use, or shall secrete with the intent to embezzle or fraudulently use, such goods, money, or other property, or any part thereof, he shall be deemed by so doing to have committed the crime of larceny."

It is the claim of the people that because the sheriff, after obtaining the property by virtue of the replevin, delivered it to the respondent, and the latter sold it, instead of returning it to Mr. Wall when the appeal was dismissed from the circuit court, this proceeding is justified, if Mr. Stratton fraudulently converted the property to his own use, and that the jury was justified in finding he fraudulently converted the property. At the conclusion of the testimony the court was requested to direct a verdict for respondent, but declined to do so. Upon the trial the respondent sought to show the property in question was his, and not the property of Mr. Wall. The circuit judge held the judgment in the justice's court was conclusive as to the title of the property, and refused to admit any testimony bearing upon that point. Upon the trial in the justice's court the respondent was represented by an attorney at law of 20 years' practice. It appears from the testimony of the respondent that, while the litigation was pending, he sold his farm. It also appears from his testimony, and that of his lawyer, that, when a verdict was rendered against him in justice's court, he was advised by his attorney that, when he had perfected his appeal by filing his affidavit and bond, the bond stood in the place of the property, and that he had a right to sell it pending the litigation. The respondent claimed that he thought he had the right to the property when he commenced his action of replevin, and that when he had given the appeal bond he

supposed he had a right to dispose of it, as he had been advised by his counsel, and that if he had not so supposed he would not have sold it.

Error is assigned upon the admission of testimony, upon the refusal of the court to direct a verdict, and upon various portions of the charge to the jury. It will not be necessary to discuss these assignments of error in detail, for the reason that we are all agreed the provisions of the section under which this information was filed do not apply to a case like the one at bar. It is impossible to read this record without reaching the conclusion that honest differences arose between the complaining witness in the criminal case and the respondent as to the ownership of property which was taken from the farm of Mr. Stratton by Mr. Wall when his tenancy ceased. This controversy should have been left for settlement in the civil court. The provisions of the criminal law should not be invoked under the circumstances disclosed by this record.

The judgment is reversed, and the respondent is discharged from custody.

The other Justices concurred.